## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MIDDLESEX INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:25-cv-00478** |
| | ) | |
| **GARY INGRAM GRADING &, PAVING, INC.,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Middlesex Insurance Company and states for its Complaint for Declaratory Judgment the following:

### *PARTIES*

1.    Plaintiff Middlesex Insurance Company is a Wisconsin corporation with its principal place of business in Wisconsin. Middlesex is licensed to do business in Alabama and other states.

2.    Defendant Gary Ingram Grading & Paving, Inc. is an Alabama corporation with its principle place of business in Dadeville, Alabama.

### *JURISDICTION AND VENUE*

3.    The Estate of Sandrea Taylor brought a wrongful death action in the Tallapoosa County Circuit Court, Case No. 62-CV-2025-900015, alleging Arthur

1

Tigner killed Taylor on or about February 25, 2023 (the "Underlying Complaint").

The Estate also sued Gary Ingram Grading in the Underlying Complaint.

4.    This action is brought pursuant to 28 U.S.C. § 2201 for a declaration of the rights and obligations of Middlesex under a General Liability Insurance Policy, policy no. A0177820004, issued by it to Gary Ingram Grading for the policy period 10/01/2022 to 10/01/2023 (the "Policy").  Exhibit A.

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff's citizenship is different from the citizenship of the defendant and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as shown at paragraph 20, below.

6.    Venue is proper under 28 U.S.C. § 1391(b) because the Policy was issued to Gary Ingram Grading at its Dadeville, Alabama, address.

### STATEMENT OF FACTS

***The Claim***

7.    The Underlying Complaint alleges, "as a direct * * * result of Defendant Employer's negligence, Sandrea Elaine Taylor suffered death." Underlying Compl. at ¶ 21.  The other pertinent allegations in the Underlying Complaint are:

> 9.    At all times relevant hereto, Decedent Sandrea Elaine Taylor was employed by Defendant Employer.

10.  At all times relevant hereto, Defendant Arthur James Tigner was also employed by Defendant Employer.

11.  Prior to Decedent's death, there were multiple incidents of domestic violence and threatening behavior by Defendant Tigner toward Decedent at their workplace. Defendant Tigner engaged in physical, sexual, emotional, economic and psychological actions or treats of actions that included behavior that intimidated, manipulated, humiliated, isolated, frightened, terrorized, coerced, threatened, blamed, hurt, and injured Sandrea Taylor.

12.  Defendant Employer * * * was aware or should have been aware of these incidents of domestic violence and threatening behavior.

13.  Despite this knowledge, Defendant Employer failed to take reasonable steps to protect Decedent from Defendant Tigner's threatening behavior and violence.

14.  On or about February 25, 2023, Defendant Tigner intentionally caused the death of Sandrea Elaine Taylor.

* * *

16.  Defendant Tigner intentionally, willfully, and maliciously caused the death of Sandrea Elaine Taylor.

* * *

19.  Defendant Employer owed a duty to provide a safe workplace to its employees, including Decedent.

20.  Defendant Employer breached this duty by:

     a.  Failing to implement adequate security measures;
     b.  Failing to respond appropriately to known threats of violence;
     c.  Failing to separate Defendant Tigner from Decedent after known incidents of threatening behavior;
     d.  Failing to train supervisors and managers in responding to workplace violence;
     e.  Failing to maintain adequate security personnel and procedures;
     f.  Failing to implement and enforce adequate workplace violence prevention policies.

21.  As a direct, foreseeable, and proximate result of Defendant Employer's negligence, Sandrea Elaine Taylor suffered death.

16.    Taylor's Estate asserts claims for damages as a result of Gary Ingram's acts or omissions and the alleged intentional act of murder by Tigner.

17.    Tigner was arrested and subsequently indicted for the murder[1] of Taylor. He is currently incarcerated and awaiting trial.

18.    On March 3, 2025, Middlesex acknowledged receipt of the Underlying Complaint and informed Gary Ingram Grading, "Sentry will begin its fact investigation and coverage determination." It then requested pertinent evidence from Gary Ingram Grading. And it informed Gary Ingram Grading's insurance agent that it "already spoke[] with Mr. Jeff Harte of the insured to advise that Sentry will begin its fact investigation and coverage determination."

19.    On March 5, 2025, Middlesex contacted potential defense counsel for Grady Ingram Grading, noting "The claim is currently pending a coverage review, but we anticipate coverage will at the very least be afforded pursuant to a ROR."

20.    Defense Counsel submitted to Middlesex a budget of up to $94,825 for the defense of the Underlying Complaint through trial.

21.    On May 21, 2025, Middlesex informed Gary Ingram Grading:

As you know, Middlesex was first notified of the Complaint on February 28, 2025. It acknowledged receipt of the Complaint and notified Gary Ingram it was investigating the claim and coverage for the claim. Middlesex assigned

---

[1] In Alabama, the act of murder is an intentional crime that occurs when an individual commits the act with the intent to cause the death of an individual.

John M. Gray III to defend Gary Ingram, noting coverage will be provided pursuant to a reservation of rights.

The purpose of this letter is to detail Middlesex's reservation of rights while it continues to provide a defense to Gary Ingram.

Middlesex reserves the right to file a declaratory action to determine its continuing duty to defend Gary Ingram. It also reserves the right to disclaim any duty to indemnify Gary Ingram for the reasons discussed below.

### *The Insurance Policy*

21.    The Policy's Insuring Agreement provides:

Section I – Coverages

Coverage A – Bodily Injury and Property Damage Liability

1.    Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    b.  This insurance applies to "bodily injury" and "property damages" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        ***

Ex. A, Form CG 00 01 04 13 at 1.

22.    The pertinent exclusions are:

a.  Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonably force to protect persons or property.

* * *

5

   d.  Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

   e.  Employer's Liability

Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

   (a) Employment by the insured; * * *

   * * *

* * *

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

Ex. A, Form CG 00 01 04 13 at 2.

23.   The Employment-Related Practices Exclusion provides:

A.  * * * This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

   * * *

   (c)  Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

   * * *

This exclusion applies:

(1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

(2) Whether the insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * *

Ex. A, CG 21 47 12 07

24.    The Policy defines "insured" to include:

a. Your * * * "employees" * * * but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1) "Bodily injury" * * *:

(a) * * * to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

* * *

Ex. A, Form CG 00 01 04 13 at 9-10.

25.    The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. A, Form BP 00 03 01 10 at 42-45, as modified by Form 99 AL 01 18 at 5.

26.    The Policy has additional terms, conditions, and exclusions which may apply to the rights and obligations of the parties in connection with the Underlying Complaint and the full terms of the Policy are incorporated herein by reference.

## COUNT ONE
## NO DUTY TO DEFEND

27.    Middlesex reasserts the allegations in the paragraphs above.

28.    A real, justiciable dispute exists between the parties as to Middlesex's duty under the Policy to defend Grady Ingram Grading against the Underlying Complaint.

29.    The Underlying Complaint does not allege facts that show an accident or an occurrence within the coverage of the Policy.

30.    The insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy while the insurer bears the burden of proving the applicability of any policy exclusion.

31.    The Policy limits coverage to bodily injury caused by an "occurrence" (*i.e.*, an accident). The Underlying Complaint does not allege an accident. Instead, it alleges Tigner "intentionally caused the death of Sandrea Elaine Taylor." Underlying Compl. at ¶¶ 14, 16. It also alleges Gary Ingram Grading breached its "duty to provide a safe workplace to" Taylor and its negligent breach of that duty caused Taylor's death. *Id*. at ¶¶ 19-21. Taylor's death was not an accident.

32.    The Underlying Complaint alleges negligent acts and omissions committed by Gary Ingram Grading in relation to its failure to provide a safe workplace to its employees, including Taylor. Specifically, the Underlying Complaint asserts Gary Ingram Grading: (i) failed to implement security measures; (ii) failed to respond to known threats; (iii) failed to separate Taylor and Tigner after known threats of violent behavior; (iv) failed to train supervisors and managers in responding to workplace violence; (v) failed to maintain adequate security personnel and procedures; and (vi) failed to implement and enforce adequate workplace

violence prevention policies. The Underlying Complaint asserts Gary Ingram Grading's negligent acts and/or omissions foreseeably caused the death of Taylor.

33.    The Employer's Liability exclusion bars coverage for the death of an employee arising out of and in the course of her employment with Gary Ingram Grading.  The Underlying Complaint alleges Taylor was Gary Ingram Grading's employee (*id*. at ¶ 9) and calls Gary Ingram Grading "Defendant Employer" throughout.  It alleges Gary Ingram Grading failed to provide a safe workplace which led to Taylor's death.  *Id*. at ¶ 21.  That exclusion expressly applies "whether the insured may be liable as an employer or in any other capacity * * * ."  Therefore, there is no duty to defend Gary Ingram Grading against the Underlying Complaint.

34.    An endorsement to the Policy excludes coverage for bodily injury to person arising out of "Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person."  That exclusion applies whether the injury-causing event above occurs before employment, during employment or after employment of that person.  Ex. A, Form CG 21 47 12 07.

35.    The Employment-Related Practices Exclusion also precludes the duty to defend Gary Ingram Grading against the Underlying Complaint.

36.    The Underlying Complaint alleges Taylor's death was caused by Gary Ingram Grading's employment-related acts or omissions.  The Policy does not cover the Underlying Complaint for that reason.

37.    The Policy excludes coverage for any liability for which the insured may be held liable under workers' compensation or similar laws.  That precludes coverage for Taylors' failure to provide a safe workplace claim.

38.    Middlesex reserved the right to withdraw the defense initially provided to Gary Ingram Grading.

39.    The Underlying Complaint was filed February 24, 2025.  An answer was filed on behalf of Gary Ingram Grading on March 31, 2025.  On April 24, 2025, counsel for Gary Ingram Grading served written discovery on Plaintiff.  A subpoena was subsequently issued to the three law enforcement agencies.  There has been no other activity in the Underlying Complaint.

40.    Gary Ingram Grading will suffer no prejudice in the event the Court allows Middlesex to withdraw from the defense of the Underlying Complaint.

41.    Middlesex is entitled to a declaration that there is no duty to defend Gary Ingram Grading against the Underlying Complaint based on the terms of the Policy.

## *REQUEST FOR DECLARATIONS*

For the reasons identified above, Middlesex respectfully requests this Court declare and adjudge the controversy as follows:

A.    Declare Middlesex does not have a continuing duty to defend Gary Ingram Grading against the Underlying Complaint; and

B.    Grant any other relief that the Court deems just and equitable under the circumstances.

RESPECTFULLY SUBMITTED,

Date: June 27, 2025                          */s/ Lane Finch*

F. Lane Finch, Jr. (ASB-0027-I58F)
Brandon J. Clapp (ASB-3990-D82W)
Hannah T. Kennedy (ASB-5267-W14A)
*Attorneys for Middlesex Insurance Company*

**OF COUNSEL:**
Swift, Currie, McGhee & Hiers, LLP
1901 Sixth Ave. North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2401
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com
hannah.kennedy@swiftcurrie.com

**PLAINTIFF REQUESTS DEFENDANT BE SERVED
WITH THE SUMMONS AND COMPLAINT
BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**GARY INGRAM GRADING & PAVING, INC.**
c/o Edna Ingram
Registered Agent
1767 Griffin Shoals Rd.
Dadeville, AL 36853


4926-0807-2520, v. 1